UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

MARCUS TROY REUM,

Plaintiff,

v.

CHEVROLET BUICK GMC OF PUYALLUP INC, HONDA OF FIFE,

Defendants.

CASE NO. 3:24-cv-05859-JHC

ORDER

# I

## INTRODUCTION

This matter comes before the Court sua sponte. The Court has examined Plaintiff's complaint (Dkt. # 6) and for the reasons discussed below DISMISSES it with prejudice under 28 U.S.C. § 1915(e)(2)(B)(i) and 28 U.S.C. § 1915(e)(2)(B)(ii). The Court also DENIES Plaintiff's motion to seal at Dkt. # 7.

# II

## BACKGROUND

Magistrate Judge David W. Christel granted pro se Plaintiff in forma pauperis (IFP) status and recommended the complaint be reviewed under 28 U.S.C. § 1915(e)(2)(B). Dkt. # 5.

ORDER - 1

Plaintiff's claim appears frivolous on its face. On the complaint form, Plaintiff checked the box for diversity jurisdiction. But in the federal question jurisdiction section, in the box for federal law, Plaintiff wrote, "Constitution for 1789, Exclusive Equity ([illegible handwriting] v. Enron)." In the statement of claim section, he wrote, "Instruments properly indorsed have been exchanged and sent to the Treasury. Sales have already been completed. The Trust is now the accommodation part for the debt."

### III

### ANALYSIS

A.  28 U.S.C. § 1915(e)(2)(B)(ii)

Courts must dismiss an IFP complaint if it fails to state a claim. 28 U.S.C. § 1915(e)(2)(B)(ii) ("[T]he court shall dismiss the case at any time if the court determines that the action . . . fails to state a claim on which relief may be granted."). Rule 8 requires "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). A plaintiff's "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). While the law does not require "detailed factual allegations," it demands more than "an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp.*, 550 U.S. at 555). A claim must be "plausible on its face." *Bell Atl. Corp.*, 550 U.S. at 570 ("Because the plaintiffs here have not nudged their claims across the line from conceivable to plausible, their complaint must be dismissed."). Courts need not accept as true a legal conclusion presented as a factual allegation. *Ashcroft*, 556 U.S. at 678. Courts construe a pro se plaintiff's pleadings liberally. *See Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010).

Even liberally construed, Plaintiff's allegations do not raise a "right to relief above the speculative level." *See Bell Atl. Corp.*, 550 U.S. at 555. The Court cannot determine the legal or factual basis for Plaintiff's claim. Plaintiff has not stated a claim on which relief may be granted.

B.   28 U.S.C. § 1915(e)(2)(B)(i)

Courts must dismiss an IFP complaint if it is frivolous. *See* 28 U.S.C. § 1915(e)(2)(B)(i) ("[T]he court shall dismiss the case at any time if the court determines that the action . . . is frivolous."). An action is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). A claim is legally frivolous if it is "based on an indisputably meritless legal theory." *Smith v. Washington*, No. C17-5680, 2017 WL 6816511, at *1 (W.D. Wash. Dec. 19, 2017), *report and recommendation adopted*, No. CV C17-5680, 2018 WL 309786 (W.D. Wash. Jan. 5, 2018). A claim is factually frivolous if it is "fanciful." *Neitzke*, 490 U.S. at 325 ("[The] term 'frivolous,' when applied to a complaint, embraces not only the inarguable legal conclusion, but also the fanciful factual allegation."). For the reasons discussed above, the complaint appears frivolous.

C.   Leave to Amend

When a court dismisses a pro se plaintiff's complaint, the court must give the plaintiff leave to amend "[u]nless it is absolutely clear that no amendment can cure the defect" in the complaint. *Lucas v. Dep't of Corr.*, 66 F.3d 245, 248 (9th Cir. 1995); *see also Lopez v. Smith*, 203 F.3d 1122, 1126–31 (9th Cir. 2000) (reversing a district court's dismissal of a pro se IFP claim without leave to amend when the deficiency in the complaint was curable). While the complaint does not state a claim for relief, Plaintiff appears to have provided additional details regarding the claim in the Affidavit in Support of Temporary Injunction and Motion to Show Cause. Dkt. # 8. While the Court cannot discern the basis for a claim in that document, it

ORDER - 3

appears that there is certainly "more to the story" than what is set forth in the complaint. So the Court will grant leave to amend the complaint.

## IV

### CONCLUSION

This Court DISMISSES Plaintiff's complaint (Dkt. #5) without prejudice under 28 U.S.C. § 1915(e)(2)(B)(i) and 28 U.S.C. § 1915(e)(B)(ii). The Court GRANTS Plaintiff leave to amend the complaint. The amended complaint must be filed on or before November 15, 2024.

Finally, the Court DENIES without prejudice Plaintiff's motion to seal at Dkt. # 7. Without providing any authority or argument, Plaintiff seeks to have sealed in their entirety the documents at Dkt. # 2. It appears to the Court that Plaintiff's concerns may be addressed by the redaction of confidential information versus a complete sealing.

Dated this 30th day of October, 2024.

*John H. Chun*
John H. Chun
United States District Judge